No. 26137

## In the Interest of Pauline M. Nelson, a/k/a Maggie Pauline Nelson
(515 P.2d 1129)

Decided November 12, 1973.

Robert T. Page, Michael A. Wolff, for respondent-appellant.

Max P. Zall, City Attorney, Albert Eckhardt, Assistant, Morris P. Evans, Assistant, for appellee-People.

Edwin S. Kahn, for American Civil Liberties Union of Colorado, amicus curiae.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

The appellant, Pauline M. Nelson, was adjudicated a mentally ill person in the Denver probate court. Her adjudication, commitment and subsequent release under supervision and out-patient treatment are not challenged. At issue on the appeal in this court is the denial of appellant's petition to the probate court to adjudicate her as competent to drive a car. She alleges that on three different occasions, when she so petitioned the court, her request was denied without a hearing.

Challenged as unconstitutional is C.R.S. 1963, 71-1-26, which sets out the steps to be taken by one seeking to have an adjudication of restoration to competency. The statute provides for the issues to be determined on written psychiatric reports. Appellant contends that the statute is deficient in not providing for a hearing.

It is to be noted that no request was ever made to the probate court that it set the matter down for hearing. As was stressed by the People in their answer brief and in oral argument before this court, the mere absence of guarantee for a hearing in the wording of the statute does not mean that a court should not provide a hearing in such cases. The court has an inherent power to grant such hearings and to

take evidence on any matter in a controversy properly before the court in furtherance of its fact-finding function. *See* J. Carrigan, *Inherent Powers of the Courts* 3-7 (Natl. College of the State Judiciary ed. 1973).

■ Both parties have agreed that an adversary hearing on appellant's competency should be had and probably would have been held if requested. We agree.

The judgment of the probate court, therefore, is reversed, and the cause is remanded to the court for the purpose of affording to the appellant and to the People a hearing.

MR. JUSTICE HODGES does not participate.